| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Tara Hindelang<br>Special Agent: Erika Fabbro | Telephone: (313) 226-9543<br>Telephone: (313) 965-2323 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Randal Wetzel

Case No.    Case: 2:24−mj−30251
Assigned To : Unassigned
Assign. Date : 7/2/2024
Description: COMP USA V. SEALED (KB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 1, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 2244(b) | Knowingly engaging in sexual conduct with another person without that other person's permission. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Erika Fabbro, Special Agent-FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: July 2, 2024

_____
Judge's signature

City and state: Detroit, Michigan

Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

## AFFIDAVID IN SUPPORT OF A
## CRIMINAL COMPLAINT

I, Erika Fabbro, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been employed since April of 2021. I am assigned to the FBI Detroit Joint Terrorism Task Force as part of the Counter Terrorism (CT)-4 Squad. CT-4 is responsible for investigating Domestic Terrorism cases, as well as threat to life matters and threat assessments. As part of my duties, I serve as an Airport Liaison at Detroit Metro Airport. In this role I have investigated federal violations involving special jurisdiction crimes to include assault and sexual assault on board an aircraft.

2. As a federal agent, affiant is authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States. The statements contained in this affidavit are based on my experience and background as a special agent and on information provided by police officers, task force officers other agents of the FBI and other law-enforcement officers. I have not set forth every fact resulting from the investigation rather I have set for a summary of the

investigation to date to establish that on July 1, 2024, Randal WETZEL engaged in abusive sexual contact aboard an aircraft traveling to Detroit Metropolitan Airport in Detroit, Michigan in violation of Title 18, Unites States Code, Section 2244(b).

3. On July 1, 2024, Victim 1 (V1) and WETZEL were seated next to each other on a United flight traveling from Dulles, Virginia to Detroit, Michigan. At one point during the flight, flight crew contacted the airport police regarding a sexual assault on the flight.

4. After the flight, V1 spoke to police and reported the following:

    a. On the flight to Detroit, V1 was seated next to WETZEL, a 21-year-old man who was vaping on the aircraft. Before takeoff, WETZEL engaged V1 in conversation. Soon after takeoff, WETZEL put his hand on V1's thigh, in an area that was not covered by V1's shorts.

    b. V1 began watching a movie to end the conversation with WETZEL, but WETZEL asked if he could watch it with her. While watching the movie, WETZEL laid his head on her shoulder and chest and began rubbing her leg. WETZEL also placed his hand on her back and butt. V1 was afraid and remained frozen in her seat.

    c. Then, WETZEL asked V1 if he could kiss her. V1 made an excuse as to why that was a bad idea, including because they were on an airplane full of people. WETZEL kissed her for multiple seconds and V1 pushed him away. WETZEL then asked if he could kiss her a second time. V1 did not respond, and he kissed her again. WETZEL then laid his head in her lap and continued to rub her leg and thigh.

    d. Eventually, WETZEL intentionally touched V1's genitals through V1's clothing in what appeared to be an attempt to stimulate V1's genitalia. V1 tapped WETZEL'S back and told him to stop. WETZEL then attempted to place his hand inside V1's shorts; V1 again told him to stop, and he withdrew his hand from under V1's shorts, but continued to rub her leg and thigh.

    e. V1 mouthed the word "help" to a woman sitting in the row behind her.

5.     This witness (W1) also spoke to police once the flight landed. W1 reported that she saw WETZEL's head on V1's chest. W1 called the flight crew who moved WETZEL to the back of the aircraft. When the flight crew approached the row to move WETZEL, he was laying on V1.

6. Officers also spoke to WETZEL in a post-*Miranda* interview. WETZEL initially admitted to kissing V1 stating V1 had said "yes" definitively when he asked permission, but later admitted that V1 made excuses not to kiss him but he "could tell she wanted it" and did it anyway. WETZEL also initially denied rubbing V1's genital area over V1's clothing but later admitted it. WETZEL also admitted attempting to put his hand inside V1's shorts. WETZEL stated he was not surprised to see the police at the conclusion of the flight.

7. Based on my training and experience, there is probable cause to believe that WETZEL violated Title 18, United States Code § 2244(b) by knowingly engaging in sexual conduct with another person without that other person's permission.

Respectfully submitted,

_____
Erika Fabbro, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Hon. Anthony P. Patti
United States Magistrate Judge

Date:  July 2, 2024